# United States District Court

**FILED**
OCT X 1 2007

RICHARD W WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

V.

**OSCAR LUIS MENDIZABAL-CUYA**

(Name and Address of Defendant)

Venue: SAN FRANCISCO

**EMC**

## CRIMINAL COMPLAINT

3 07 70584

CASE NUMBER:

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about September 29, 2007 in Marin County, in the Northern District of California, defendant did take and carry away, with intent to steal and purloin, the personal property of another, while within the special maritime and territorial jurisdiction of the United States, in violation of Title 18 United States Code, Section 661.

I further state that I am a Park Ranger and that this Complaint is based on the following facts:

**See attached Affidavit in Support of Criminal Complaint**

Maximum Penalties:
Title 18 USC Section 661:
1 year of imprisonment; $100,000 fine; 1 year supervised release; and $25 special assessment fee

APPROVED AS TO FORM: _____
Wendy Thomas, SAUSA

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Warrant of Arrest Requested:   ☐ Yes ☒ No
Bail Amount: N/A

_____
Signature of Complainant, Ronald J. Heeren

Sworn to before me and subscribed in my presence,

October 1, 2007                at        San Francisco, California
Date                                      City and State

**Edward M. Chen**
**United States Magistrate Judge**
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

UNITED STATES DISTRICT COURT           )
                                       ) ss. AFFIDAVIT
NORTHERN DISTRICT OF CALIFORNIA        )


AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT
CHARGING OSCAR LUIS MENDIZABAL-CUYA
WITH VIOLATING 18 U.S.C. § 661,
THEFT WITHIN SPECIAL MARITIME AND TERRITORIAL JURISDICTION


I, Ronald J. Heeren, do swear and affirm as follows,

**Purpose**

1. This affidavit establishes probable cause to arrest Oscar Luis MENDIZABAL-CUYA for violating Title 18 U.S.C. § 661, Theft Within Special Maritime and Territorial Jurisdiction, when the defendant took and carried away, with intent to steal and purloin, the personal property of another, while within the special maritime and territorial jurisdiction of the United States, in violation of Title 18 U.S.C. § 661.

**Relevant Statute**

2. Title 18 U.S.C. Section 661 states, in relevant part: "Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another" – is guilty of Theft Within Special Maritime and Territorial Jurisdiction.

**Affiant Background**

3. I am a Supervisory Park Ranger with the National Park Service ("NPS"), Department of the Interior ("DOI"). I have been employed as a Park Ranger for the NPS since 1986. My duties include the investigation and prosecution of violations of federal and state law. This affidavit does not contain every fact, piece of information or evidence concerning this alleged violation. However, I was present during the arrest of the defendant and have spoken to other NPS Rangers involved in this case. I have reviewed documents relating to this case and automated criminal records relating to Oscar Luis MENDIZABAL-CUYA, which attest to the following:

**Case Facts and Evidence**

4. Over the past couple of months, there has been a rash of larcenies from automobiles parked at the Battery Spencer parking lot in the Golden Gate National Recreation Area in the Northern District of California. On September 29, 2007, NPS Rangers Steve Cunningham ("Ranger Cunningham") and Mike Hardin ("Ranger

Hardin") were involved in a surveillance operation at Battery Spencer designed to investigate these automobile larcenies.

5. At approximately 2:30 p.m., Ranger Cunningham observed a Hispanic male, later identified as Oscar Luis MENDIZABAL-CUYA ("MENDIZABAL-CUYA" or "the defendant"), walking around the Battery Spencer parking lot. MENDIZABAL-CUYA used a key to get into one 2001 silver Buick Le Sabre with a paper dealership plate bearing the word "DAILY", and drove that Le Sabre out of the parking lot onto Conzelman Road.

6. Approximately ten minutes later, Ranger Cunningham observed the defendant returning to the parking lot in the same Le Sabre. MENDIZABAL-CUYA walked the full length of the parking lot several times, looking into windows of vehicles as he passed them. MENDIZABAL-CUYA then returned to the silver Le Sabre, got in, and drove away again on Conzelman Road.

7. At approximately 3:15 p.m., Ranger Cunningham observed MENDIZABAL-CUYA return again to the Battery Spencer parking lot in the silver Le Sabre. Ranger Cunningham observed the defendant exit the vehicle and walk east. Ranger Cunningham then observed the defendant return to the Le Sabre, put on a black leather jacket and put an unknown object in his left front pants pocket. Shortly thereafter, MENDIZABAL-CUYA approached a grey 2008 Dodge sedan, California Plate # 5YET535. Ranger Cunningham observed MENDIZABAL-CUYA look inside the Dodge sedan.

8. Ranger Cunningham then observed another vehicle enter the lot. He observed MENDIZABAL-CUYA wait for the people in that vehicle to park and leave the parking lot. MENDIZABAL-CUYA looked inside their vehicle and then returned to the Dodge sedan. MENDIZABAL-CUYA then leaned into the open driver side window of the Dodge sedan until he was up to his waist. Ranger Cunningham observed MENDIZABAL-CUYA twisting his body inside the Dodge sedan. When MENDIZABAL-CUYA removed his upper body from the Dodge sedan, Ranger Cunningham observed MENDIZABAL-CUYA place an unidentified object within his jacket. Ranger Cunningham then observed MENDIZABAL-CUYA return to the silver Le Sabre and drive out of the parking lot onto Conzelman Road. Ranger Cunningham radioed for assistance.

9. NPS Rangers Shannon Jay ("Ranger Jay") and John Goodwin ("Ranger Goodwin") conducted a vehicle stop of MENDIZABAL-CUYA on Conzelman Road approximately a quarter of a mile west of the Battery Spencer parking lot. MENDIZABAL-CUYA was placed under arrest. Ranger Robert Del Secco ("Ranger Del Secco") searched the Le Sabre MENDIZABAL-CUYA was driving and found numerous items inside the Le Sabre, including the following: three (3) screwdrivers, over $1,200 in cash in the console of the Le Sabre, a wallet belonging to one Janella M. Wendorf on the front passenger seat, and a black leather jacket on the front passenger seat.

   10. The wallet belonging to Janella M. Wendorf was taken from the 2008 Dodge sedan that Ranger Cunningham observed the defendant leaning into in the Battery Spencer parking lot. Janella M. Wendorf did not give the defendant permission or authority to remove her wallet from the Dodge sedan.

   11. MENDIZABAL-CUYA was transported back to 1217 Ralston Avenue for processing. Immigration and Customs Enforcement ("ICE") Officer Rili conducted an administrative ICE interview with the defendant, during which time the defendant stated that he is a 44 year old male, native and citizen of Peru, who is not a citizen of the United States and is not legally present in the United States.

**Conclusion**

   12. Based upon the facts described above, I believe that there is probable cause to believe that the defendant, Oscar Luis MENDIZABAL-CUYA, did take and carry away, with intent to steal and purloin, the personal property of another, while within the special maritime and territorial jurisdiction of the United States, in violation of Title 18 U.S.C. § 661, Theft Within Special Maritime and Territorial Jurisdiction.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

*Ronald J. Heeren* (signature)
Ronald J. Heeren
National Park Service
Department of the Interior

SUBSCRIBED AND SWORN BEFORE ME
ON October 1, 2007

The Honorable Edward M. Chen
United States Magistrate Judge
Northern District of California

3